### FREEMAN v. TAYLOR.

(Court of Civil Appeals of Texas. Austin. May 17, 1911. Rehearing Denied June 7, 1911.)

APPEAL AND ERROR (§ 1001*) — FINDINGS — CONCLUSIVENESS.

A verdict sustained by evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by W. K. Taylor against T. J. Freeman, receiver. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 125 S. W. 613.

King & Morris and Doremus & Butler, for appellant. Scott Field, Bailey & Morehead, and Woods, Graham & Harris, for appellee.

KEY, C. J. Appellee brought this suit against appellant, who is receiver of a railroad, seeking to recover damages for himself and wife on account of the death of their son, Kirk Taylor, which is alleged to have been caused by the negligence of appellant. The jury awarded the plaintiff $3,600, and,

---

from a judgment for that amount, this appeal has been prosecuted.

The issues in the case were: First, alleged negligence on the part of Walter Alford, appellant's vice principal, in ordering a piling to be struck by the hammer while the piling was out of line; and, second and third, contributory negligence and assumed risk on the part of Kirk Taylor, who was employed by appellant and was guiding the piling at the time it was so struck. These were the issues of fact upon which the question of liability depended.

The verdict of the jury involves findings in appellee's favor upon all these issues, as well as a finding that, as a result of such negligence, Kirk Taylor was killed, and the plaintiffs, on account of his death, sustained pecuniary loss to the extent of the damages awarded by the verdict. There was testimony before the jury which supports those findings; and therefore, in support of the verdict, we find the facts so to be.

Most of the errors assigned in appellant's brief relate to the action of the court in giving and refusing instructions. The court prepared a very fair charge; and, in addition thereto, gave several instructions requested by appellant; and, considering them all together, we hold that appellant has no just ground of complaint on that score.

There is nothing new or novel in the case, and it is not deemed necessary to consume time in the discussion of questions that have already been well settled in this state.

All the questions presented in appellant's brief have been considered, and, finding no reversible error, the judgment is affirmed.

Affirmed.